UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LAURENCE KNOWLING,
    *Plaintiff*,

v.

PRICE RITE OF TORRINGTON,
    *Defendant(s)*.

No. 3:19-cv-952 (VAB)

**RULING AND ORDER ON MOTION TO DISMISS**

Laurence Knowling ("Plaintiff") filed a Complaint against Price-Rite of Torrington ("Defendant" or "Price-Rite") under 42 U.S.C. §§ 2000e, *et seq.*, alleging employment discrimination on the basis of race and sex. Complaint, ECF No. 1 at 1; 3 (June 19, 2019) ("Compl."). He seeks backpay, reinstatement to his former position, and monetary damages for his loss of income. *Id.* at 4-5.

Price-Rite has moved to dismiss Mr. Knowling's Complaint.

For the following reasons, the motion to dismiss is **GRANTED**.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

    A.     **Factual Allegations[1]**

Until January 30, 2017, Laurence Knowling, who once described himself as a sixty-four year old, gay, African-American man, worked part-time as a porter at Price Rite. Letter at 1.

On that day, while collecting items in the store to be disposed of with a carriage, Mr. Knowling allegedly came across an open bag of Cheetos, allegedly costing $0.50. *Id.* As he continued his duties, Mr. Knowling allegedly ate some of the Cheetos. *Id.*

---

[1] All factual allegations are drawn from Mr. Knowling's letter to the Commission on Human Rights. Complaint – Letter, ECF No. 1-2 (June 19, 2019) ("Letter").

At the end of his shift, the store manager, Lou White, allegedly asked Mr. Knowling to review video footage of the store with him. *Id*. Mr. White allegedly asked Mr. Knowling "what he was going to see on the store camera[.]" *Id*. Mr. Knowling allegedly told Mr. White that the video would show Mr. Knowling eating some Cheetos, instead of disposing them. *Id*. Mr. White allegedly asked for the bag of Cheetos, and when Mr. Knowling gave it to him, a few Cheetos remained in the bag. *Id*.

Mr. White allegedly then shook Mr. Knowling's hand, told him he was a good employee, and instructed him not to report for work the next day. *Id*.

Sometime after Mr. Knowling's termination, he allegedly talked to Beth, a former co-worker, who is allegedly female and Caucasian.[2] Beth allegedly told him that she had done the same thing, but had not been fired, and allegedly expressed surprise at his termination. *Id*. Rather than being fired, Beth allegedly had been merely written up and suspended for the day. *Id*. On a different occasion, the assistant store manager allegedly had told Mr. White that Beth had been eating potato chips at work. *Id*. When Mr. White allegedly asked to speak with her, Beth told him that she was diabetic and needed to eat the potato chips in order to take her medication. *Id*. On this occasion, Beth again allegedly received only a write-up and a one-day suspension. *Id*.

Since being terminated, other co-workers allegedly have told Mr. Knowling that the third shift supervisor, Rich, told everyone on the night staff that "[f]aggot Larry got fired for eating a bag of Cheetos on the job." *Id*. at 2.[3] A worker in the produce department, Ron, also allegedly told staff and customers that Mr. Knowling was fired.[4] Mr. Knowling alleges that past employers are only permitted to say a past employee no longer works at the company and may not give

---

[2] The Letter does not contain Beth's last name.
[3] Again, the Letter does not contain Rich's last name.
[4] The Letter also does not contain Ron's last name.

further detail as to the reason for termination of employment. *Id*. at 2. *See also* Complaint –
Customer Letter, ECF No. 1-3 (June 19, 2019).

   **B.**  **Procedural History**

Before filing suit, Laurence Knowling filed charges with the Equal Employment
Opportunity Commission and the Connecticut Commission on Human Rights and Opportunities.
Complaint, ECF No. 1 at 4 (June 19, 2019) ("Compl.").

On March 8, 2019, the Equal Employment Opportunity Commission sent Mr. Knowling
a letter notifying him of his right to sue and the ninety-day deadline for filing suit. Complaint –
EEOC Form, ECF No. 1-1 (June 19, 2019) ("EEOC Form").

On June 19, 2019, Mr. Knowling filed a Complaint alleging violations of Title VII
against Price Rite resulting from his termination of employment on January 30, 2017. Compl. at
1-2.

On August 19, 2019, Price Rite filed a motion to dismiss the Complaint. Mot. to Dismiss,
ECF No. 21 (Aug. 19, 2019) ("Mot. to Dismiss").

On October 7, 2019, the Court issued an initial scheduling order. Initial Scheduling
Order, ECF No. 29 (Oct. 7, 2019).

On December 2, 2019, the Court held a motion hearing on Defendant's motion to
dismiss, but Mr. Knowling failed to appear. Minute Entry, ECF No. 32 (Dec. 2, 2019)

**II.**  **STANDARD OF REVIEW**

A complaint must contain a "short and plain statement of the claim showing that the
pleader is entitled to relief." Fed. R. Civ. P. 8(a). Any claim that fails "to state a claim upon
which relief can be granted" will be dismissed. Fed. R. Civ. P. 12(b)(6). In reviewing a

complaint under Rule 12(b)(6), a court applies a "plausibility standard" guided by "two working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (internal citations omitted)). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. Thus, the complaint must contain "factual amplification . . . to render a claim plausible." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009)).

When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), the court takes all factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678. The court also views the allegations in the light most favorable to the plaintiff and draws all inferences in the plaintiff's favor. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013); *see also York v. Ass'n of the Bar of the City of N.Y.*, 286 F.3d 122, 125 (2d Cir. 2002) ("On a motion to dismiss for failure to state a claim, we construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true.")).

A court considering a motion to dismiss under Rule 12(b)(6) generally limits its review "to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A court may also consider

"matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005).

**III.     DISCUSSION**

Under 42 U.S.C. Section 2000e-5(f)(1), a plaintiff must file his federal complaint within ninety days of receipt of his right-to-sue notice from the Equal Employment Opportunity Commission. 42 U.S.C.A. 2000e-5(f)(1) (West). The ninety-day period is subject to equitable tolling and is not jurisdictional. *See Fort Bend Cty. v. Davis*, 139 S.Ct. 1843 (2019) (holding that Title VII's charge-filing instruction is a claim-processing rule and, therefore, waivable); *see also Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385 (1982) (finding filing a timely claim with the EEOC under Title VII was a jurisdictional prerequisite); *Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir. 1984) ("The Supreme Court, however, has evinced a policy of treating Title VII time limits not as jurisdictional predicates, but as limitations periods subject to equitable tolling.").

To determine if equitable tolling is applicable, "a district court must consider whether the [plaintiff] . . . (1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Ziyan Shi v. N.Y. Dep't of State, Div. of Licensing Servs.*, 393 F. Supp. 3d 329, 342 (S.D.N.Y. 2019) (quoting *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003)). "Extraordinary 'refers not to the uniqueness of a party's circumstances, but rather to the

severity of the obstacle impeding compliance with a limitations period.'" *Watson v. U.S.*, 865 F.3d 123, 132 (2d Cir. 2017) (quoting *Harper v. Ercole*, 648 F.3d 132 (2d Cir. 2011)).

The circumstances must have caused the party "to miss the original filing deadline." *Id.*; *see also Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."). "Equitable tolling is generally considered appropriate 'where the plaintiff actively pursued judicial remedies but filed a defective pleading during the specified time period,' where plaintiff was unaware of his or her cause of action due to misleading conduct of the defendant, or where a plaintiff's medical condition or mental impairment prevented her from proceeding in a timely fashion[.]" *Zerilli-Edelglass*, 333 F.3d at 80 (citations omitted).

In his Complaint, Mr. Knowling admits that he received the letter of his Notice of Right to Sue on March 13, 2019. Compl. at 4.

Price-Rite argues that Mr. Knowling's Complaint, filed eight days after the deadline set by the Equal Employment Opportunity Commission, is late and must be dismissed. Def.'s Mem. at 4-5.

The Court agrees.

"[E]quitable tolling is only appropriate in rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising [her] rights." *Ziyan Shi*, 393 F. Supp. 3d at 342 (quoting *Zerilli-Edelglass*, 333 F.3d at 80)). Mr. Knowling, however, has provided no argument as to why his Complaint was untimely filed. Without explanation from Mr. Knowling, the Court cannot infer that some extraordinary circumstance existed, or that

equitable tolling should apply. *See Johnson*, 731 F.3d at 146 ("[A] plaintiff's failure to act diligently is not a reason to invoke equitable tolling . . . ").

Because Mr. Knowling has not asserted a basis for applying equitable tolling to his late-filed Complaint, the Court will dismiss his Complaint as untimely.

**IV.      CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED**.

The Clerk of Court respectfully is directed to close the case.

**SO ORDERED** at Bridgeport, Connecticut, this 2nd day of December 2019.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE